UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS O. JACKSON,

    Plaintiff,

v.                                               Case No. 2:11-cv-261
                                                HON. GORDON J. QUIST

DENNIS STRAUB, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Curtis O. Jackson, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Deputy Director Dennis Straub, Acting Warden/Deputy Warden James Alexander, Grievance Coordinator Glenn Caron, Acting Warden/Deputy Warden Jeff Larson, and Nurse Mandi Salmi.

On March 28, 2012, the court granted summary judgment to Defendants Straub, Caron, Larson, and Salmi (docket #35). Defendant Alexander has now filed a motion to dismiss pursuant to Rule 37(b) and (d), and Rule 41(b) of the Federal Rules of Civil Procedure (docket #64). Under Rule 41(b), it is within the district court's discretion to dismiss a case for failure to prosecute. *Little v. Yeutter*, 984 F.2d 160 (1993). In addition, a district court also has discretion to invoke Rule 37 sanctions.

In his brief in support of summary judgment, Defendant Alexander states that his attorney filed a motion for leave to take Plaintiff's deposition (docket #45) on June 5, 2012. The

motion asserted that Defendant Alexander was entitled to depose Plaintiff based on Plaintiff's assertion that Defendant Alexander had violated his Eighth Amendment rights. On June 8, 2012, the court granted Defendant Alexander leave to take Plaintiff's deposition (docket #46). On June 13, 2012, Plaintiff filed a motion (docket #47) stating that he would comply with the deposition if Defendant Alexander had him transferred to a prison close to Defendant Alexander's attorney in Lansing, Michigan. Plaintiff stated that he had an attorney near Grand Rapids who would be present during the deposition to protect Plaintiff's rights. Plaintiff also sought an order requiring Defendant Alexander to specify the subject matter of the examination. On July 24, 2012, the court denied Plaintiff's motion for stipulations to be placed on Defendant Alexander's deposition request (docket #53). Plaintiff subsequently filed objections to the order (docket #54 and #55). However, objections are properly filed in response to a report and recommendation, not in response to an order.

Counsel for Defendant Alexander sent a Notice of Deposition to Plaintiff on August 2, 2012, which stated that the deposition would be taken from counsel's office in Lansing, Michigan, on August 8, 2012, at 9:30 a.m., and that Plaintiff would appear for the deposition by videoconference. (Defendant Alexander's Exhibit A, docket #65-2.) A review of the deposition transcript for August 8, 2012, reveals that Plaintiff was sworn in and then refused to cooperate, asserting that he had not received the discovery he requested from Defendant. Defendant Alexander's counsel stated that the discovery period had not expired and that Plaintiff had not filed a motion or sent any correspondence related to discovery. Plaintiff responded that Defendant Alexander had filed objections to his discovery requests thus far and had failed to provide Plaintiff with any of his requests. Plaintiff then reasserted his refusal to proceed with the deposition. (Defendant Alexander's Exhibit B, docket #65-3.)

In response to Defendant Alexander's motion, Plaintiff states that he should not be sanctioned for refusing to allow himself to be deposed because Defendant Alexander has not provided Plaintiff with the discovery he requested. However, the appropriate response to the failure to comply with discovery is to file a motion to compel. A review of the record shows that Plaintiff did file such a motion on August 9, 2012 (docket #59), and that this motion was denied by the court on August 24, 2012 (docket #66). The fact that the court did not agree with Plaintiff's assertions regarding his entitlement to discovery does not enable Plaintiff to refuse to participate in his deposition.

As noted by Defendant Alexander, Fed. R. Civ. P. 37(d)(1)(A)(I) specifically provides that when a party fails to attend his own deposition after being properly notified he or she may be sanctioned by the court. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3), sanctions may include dismissal. In addition, Fed. R. Civ. P. 41(b) provides that where a Plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it.

The Sixth Circuit addressed this issue in *Woodson v. Morris*, No. 94-6608, 1995 WL 692543 (6th Cir. Nov. 17, 1995). In *Woodson*, the Court noted that the plaintiff had adequate advance notice of the date of the deposition, but wilfully refused to participate in the deposition. The Court held that the district court properly granted the defendant's motion for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b). *Id.* As noted above, Plaintiff has failed to provide an adequate explanation for his failure to proceed with the deposition. In light of Plaintiff's willful refusal to allow himself to be deposed, the undersigned recommends granting Defendant Alexander's motion for dismissal of this action.

Defendant Alexander also moves for reimbursement by Plaintiff for the cost of having the Court Reporter appear and prepare a transcript of the Plaintiff objecting to the proceedings. In support of this motion, Defendant Alexander attaches a copy of the invoice, which shows that the cost was $52.40. (Defendant Alexander's Exhibit E, docket #65-6.) The undersigned recommends granting this request.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2012